IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRYAN BUTAKIS,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NVR, INC. T/A NVHOMES, <br><br> Defendant. | Civil Action No. 2:22-cv-02971-KSM |

**NVR'S UNOPPOSED MOTION FOR FINDING OF COMPLIANCE
WITH THE CLASS ACTION FAIRNESS ACT'S NOTICE REQUIREMENTS**

Defendant NVR, Inc. t/a NVHomes ("NVR"), by undersigned counsel, moves for a finding that it has complied with the class settlement notice requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, when it served a CAFA Notice to the appropriate officials. In support of this motion, NVR states:

**ARGUMENT**

1. On July 17, 2024, the parties entered into a Class Action Settlement and Release Agreement (the "Settlement") that resolved the claims asserted in this action on behalf of a Settlement Class. On July 22, 2024, Plaintiffs Bryan Butakis and Joseph Hillen moved for preliminary approval of that Settlement. (Doc. No. 47).

2. CAFA requires a defendant, within ten days of the filing of a proposed class action settlement, to "serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement." 28 U.S.C. § 1715(b). To comply with this requirement, on July 31, 2024, NVR served by certified mail a

CAFA Notice of Proposed Settlement, together with various exhibits on an enclosed CD (collectively, the "CAFA Notice"), upon the appropriate officials.

3. This Court granted Preliminary Approval to the Settlement on December 2, 2024. (Doc. No. 50).

4. The parties have conferred in advance of the filing of this Motion, and the Plaintiffs have advised that they do not oppose the relief sought.

**I.  NVR timely served its CAFA Notice.**

5. CAFA requires that notification of a proposed class action settlement be served on the appropriate State and Federal officials "not later than 10 days after" the proposed settlement is filed. 28 U.S.C. § 1715(b). Here, the proposed Settlement was filed on July 22, 2024. (Doc. No. 47). NVR served the CAFA Notice nine (9) days later, on July 31, 2024. *See* Ex. 1 (Boughrum Decl.) at ¶ 2; *see also* Ex. A to Boughrum Decl. (CAFA Notice and Exhibits). Service of the CAFA Notice was also made such that the Court's hearing to potentially grant Final Approval of the Settlement is at least 90 days after service upon the appropriate federal and state officials, as required by 28 U.S.C. § 1715(d).

**II.  NVR served its CAFA Notice upon the correct parties.**

6. CAFA requires notice of a proposed class action settlement to be served on the "appropriate" State and Federal officials. 28 U.S.C. § 1715(b). The "appropriate" Federal official is the Attorney General of the United States, or, for certain depository institutions and their subsidiaries, "the person who has the primary Federal regulatory or supervisory responsibility with respect to the defendant, if some or all of the matters alleged in the class action are subject to regulation or supervision by that person." *See* 28 U.S.C. § 1715(a)(1). NVR served the CAFA

2

Notice on the Attorney General of the United States. *See* Ex. 1 (Boughrum Decl.) at ¶ 2; *see also* Ex. A to Boughrum Decl. (CAFA Notice and Exhibits).

7. The "appropriate State official" to receive notice under CAFA is "the person in the State who has the primary regulatory or supervisory responsibility with respect to the defendant, or who licenses or otherwise authorizes the defendant to conduct business in the State, if some or all of the matters alleged in the class action are subject to regulation by that person." 28 U.S.C. § 1715(a)(2). However, "[i]f there is no primary regulator, supervisor, or licensing authority, or the matters alleged in the class action are not subject to regulation or supervision by that person, then the appropriate State official shall be the State attorney general." *Id*. CAFA does not require a defendant to guess which State official should receive notice if there are potentially several different persons and agencies whose regulatory authority might be at issue. *See* 28 U.S.C. § 1715(e)(2) (a defendant is deemed to have complied with CAFA's notice requirements if it directs the required notice "to the appropriate Federal official and to either the State attorney general or the person that has primary regulatory, supervisory or licensing authority over the defendant").

8. Here, "the matters alleged in the class action," 28 U.S.C. § 1715(a)(2), relate primarily to alleged violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), breach of contract, fraud, and negligent misrepresentation, based on allegations that NVR failed to disclose that a special assessment pursuant to the Greystone Neighborhood Improvement District (the "NID") was subject to interest and administrative fees if not paid off in full at the time the homeowners closed on their property. These matters are not "subject to regulation or supervision" by any single State official, nor is there any single person in any State "who has primary regulatory or supervisory responsibility with respect to" these matters. Therefore, the "appropriate State official" to receive the CAFA Notice is the Attorney General for

the State where the proposed Settlement Class Members reside. *See* 28 U.S.C. §§ 1715(a)(2); 1715(e)(2).

9. After compiling a roster of the members of the proposed Settlement Class, NVR identified Pennsylvania as the only State in which the proposed Settlement Class Members reside. NVR then served the CAFA Notice on the Attorney General of the Commonwealth of Pennsylvania.

10. By serving the CAFA Notice on these "appropriate" State and Federal officials, NVR complied with CAFA's notice requirements. *See* 28 U.S.C. § 1715(b).

### III. The content of the CAFA Notice complied with CAFA.

11. Finally, the content of the CAFA Notice complied with CAFA's requirements. CAFA requires that a class action settlement notice contain:

   (1) a copy of the complaint and any materials filed with the complaint and any amended complaints;

   (2) notice of any scheduled judicial hearing in the class action;

   (3) any proposed or final notification to class members of—

   (A)(i) the members' rights to request exclusion from the class action; or (ii) if no right to request exclusion exists, a statement that no such right exists; and

   (B) a proposed settlement of a class action;

   (4) any proposed or final class action settlement;

   (5) any settlement or other agreement contemporaneously made between class counsel and counsel for the defendants;

   (6) any final judgment or notice of dismissal;

   (7) (A) if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or

   (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the

estimated proportionate share of the claims of such members to the entire settlement; and

(8) any written judicial opinion relating to the materials described under subparagraphs (3) through (6).

28 U.S.C. § 1715(b). This information is contained in NVR's CAFA Notice. *See* Ex. A to Boughrum Decl. (CAFA Notice).

## **CONCLUSION**

For these reasons, NVR respectfully requests that the Court enter the proposed order attached hereto and find that NVR has complied with CAFA's notice requirements.

Dated: March 13, 2025          Respectfully submitted,

_____
Jonathan P. Boughrum, Esq. (Bar No. 91019)
**Faegre Drinker Biddle & Reath LLP**
One Logan Square, Ste. 2000
Philadelphia, Pennsylvania 19103
jonathan.boughrum@faegredrinker.com
*Counsel for Defendant NVR, Inc. t/a NVHomes*

5

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing *NVR'S UNOPPOSED MOTION FOR FINDING OF COMPLIANCE WITH THE CLASS ACTION FAIRNESS ACT'S NOTICE REQUIREMENTS* was filed via the Court's NextGen system on March 13, 2025, electronically serving it on all counsel of record.

Jonathan P. Boughrum